NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

SARA J., *Appellant*,

*v.*

DEPARTMENT OF CHILD SAFETY, J.J., *Appellees*.

No. 1 CA-JV 15-0112
FILED 11-10-2015

Appeal from the Superior Court in Maricopa County
No. JD27773
The Honorable Joan M. Sinclair, Commissioner

**AFFIRMED**

COUNSEL

Sara J., Glendale
*Appellant*

Arizona Attorney General's Office, Tucson
By Dawn R. Williams
*Counsel for Appellee Department of Child Safety*

---

**MEMORANDUM DECISION**

---

Judge Patricia K. Norris delivered the decision of the Court, in which Presiding Judge Donn Kessler and Judge Andrew W. Gould joined.

---

**N O R R I S**, Judge:

¶1        Sara J. ("Mother") appeals from the juvenile court's order terminating her parental rights to her son, J.J., born June 18, 2013.[1]  On appeal, Mother argues the Arizona Department of Child Safety ("DCS") failed to present clear and convincing evidence to terminate her parental rights under Arizona Revised Statutes ("A.R.S.") section 8-533(B)(8)(a) (Supp. 2015).[2]  We disagree.[3]

¶2        We will affirm a court's order terminating parental rights unless we conclude, as a matter of law, that no reasonable person could find the essential elements proven by clear and convincing evidence.  *Denise R. v. Ariz. Dep't of Econ. Sec.*, 221 Ariz. 92, 94-95, ¶¶ 9-10, 210 P.3d 1263, 1265-66 (App. 2009).  A juvenile court may terminate parental rights under A.R.S. § 8-533(B)(8)(a) if it finds the child has been in out-of-home placement for

---

[1]Mother also challenges orders terminating her parental rights to three other children, which became final by 2012.  These arguments are not properly before us because they are not timely.  Ariz. R.P. Juv. Ct. 104(A).

[2]Although the Arizona Legislature amended A.R.S. § 8-533 after DCS filed the dependency petition, the revisions are immaterial to the resolution of this appeal.  Thus, we cite to the current version.

[3]Mother also argues the superior court should not have terminated her parental rights under A.R.S. § 8-533(B)(3) for mental illness and chronic substance abuse.  Because clear and convincing evidence supports the superior court's termination order under A.R.S. § 8-533(B)(8)(a), we do not need to address these arguments on appeal.  *See, e.g., Raymond F. v. Ariz. Dep't of Econ. Sec.*, 224 Ariz. 373, 376, ¶ 14, 231 P.3d 377, 380 (App. 2010) (appellate court will affirm a termination order if any one of the statutory grounds for termination is proven).

nine months or longer, DCS has made a "diligent effort" at reunification, and "the parent has substantially neglected or willfully refused to remedy the circumstances that cause the child to be in an out-of-home placement."[4]

**¶3**         In February 2014, DCS took J.J. into care and petitioned for dependency because of Mother's substance abuse and mental health issues. By the termination hearing in March 2015, J.J. had been in out-of-home placement for over a year.  At the hearing, the DCS caseworker testified DCS had offered numerous services to Mother to help her address her mental health and substance abuse issues, including individual counseling, parent aide services, psychological evaluation, visitation, and substance abuse treatment and testing, but she had failed to "meaningfully participate in those services."  The March 2015 DCS progress report admitted at the hearing supported the caseworker's testimony, disclosing Mother had intermittently participated in only visitations and drug testing and had failed two drug tests.  By February 2015, after multiple renewed referrals and rescheduled appointments, all services offered had closed due to Mother's lack of compliance.

**¶4**         Based on this evidence, the juvenile court found DCS had made reasonable efforts to reunify the family, but Mother had willfully refused to participate in the services DCS offered, and severance was therefore appropriate under A.R.S. § 8-533(B)(8)(a).  The evidence amply supports this finding.

**¶5**         For the foregoing reasons, we affirm the juvenile court's order terminating Mother's parental rights to J.J.



Ruth A. Willingham · Clerk of the Court
F I L E D : ama

---

        [4]We note Mother has not argued on appeal that the evidence failed to show termination was in the best interests of the child or that the juvenile court's finding that her failure to appear resulted in a waiver of her rights.  *See* A.R.S. § 8-533(B); Ariz. R.P. Juv. Ct. 65(C)(6)(c).